IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE DE HOYOS,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA,<br><br>    Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT AT LAW**

Plaintiff, Jose De Hoyos, by and through his attorneys, Caffarelli & Associates, Ltd., for his Complaint at Law against Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra ("Metra"), states as follows:

**NATURE OF ACTION**

1. This is an action for damages and injunctive relief against Defendant Metra for unlawful discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff also brings claims for unlawful discrimination and retaliation in violation of the Illinois Human Rights Act, 775 ILCS 5/1, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction) 29 U.S.C. § 12117(a) (right to civil action for ADA violations), and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

3. The unlawful employment practices described herein were committed within the State of Illinois, in the place of Plaintiff's employment in Chicago, Illinois. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On January 21, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against Defendant, substantially describing the facts recited herein. Plaintiff incorporates the allegations of his EEOC charge, attached as **Exhibit A**, into this Complaint by reference.

5. After concluding its investigation and finding cause, the EEOC referred this matter to conciliation, which was unsuccessful. The EEOC then referred the matter to the U.S. Department of Justice Civil Rights Division ("DOJ") for litigation review. On April 13, 2021, the DOJ issued a Dismissal and Notice of Rights ("RTS"), a copy of which is attached as **Exhibit B**. Plaintiff files this Complaint within 90 days of his receipt of the RTS from the DOJ.

6. Plaintiff has satisfied all conditions precedent to pursuing his claims under ADA.

7. Plaintiff's EEOC charge was cross-filed with the Illinois Department of Human Rights ("IDHR") and on June 11, 2021, that agency issued to Plaintiff a Notice of Dismissal for Lack of Substantial Evidence and Order of Closure, a copy of which is attached as **Exhibit C**. Plaintiff files this Complaint within 90 days of receipt of the notice of dismissal of his IDHR charge.

8. Plaintiff has satisfied all conditions precedent to pursuing his claims under IHRA.

## PARTIES

9. Mr. De Hoyos was an employee of Defendant from on or about December 5, 2011 until his termination on or about September 11, 2019.

10. Defendant is a municipal corporation based in Chicago, Cook County, Illinois. It operates a commuter rail service in northeastern Illinois and does business as Metra.

11. Mr. De Hoyos was, at all relevant times, an "employee" of Defendant within the meaning of the ADA and IHRA.

12. Metra has been, at all relevant times, an "employer" within the meaning of the ADA and IHRA.

## FACTUAL ALLEGATIONS

13. Mr. De Hoyos began working for Metra as a Signalman/Truckdriver in December 2011.

14. Throughout his employment, Mr. De Hoyos performed his job satisfactorily.

15. During his employment, Mr. De Hoyos suffered from depression, for which he received treatment from his doctor. This treatment included certain prescription medications.

16. Throughout his employment, Mr. De Hoyos was able to perform the essential functions of his job with or without reasonable accommodations.

17. In or around August 2019, Mr. De Hoyos' doctor prescribed him a new medication to treat his depression.

18. Mr. De Hoyos disclosed the new prescription to Defendant, through its appointed health care provider at Concentra, before he started taking it.

19. Defendant and/or Concentra approved Mr. De Hoyos' continued employment while taking his newly prescribed medication.

20. Almost immediately after he started taking the newly prescribed medication, Mr. De Hoyos experienced some lightheadedness. He immediately (a) reported this side effect to Defendant's appointed physician at Concentra, and (b) stopped taking the medication.

21. Shortly thereafter, Mr. De Hoyos went out on a previously scheduled vacation.

22. On August 29, 2019, after returning from vacation, Mr. De Hoyos visited Metra's doctor at Concentra. That doctor requested that Mr. De Hoyos' personal doctor confirm that he had discontinued the problematic prescription.

23. On August 29, 2019, Mr. De Hoyos provided a note from his personal doctor confirming that he had discontinued the medication.

24. Mr. De Hoyos reported to work on August 30, 2019, believing he was cleared to return to work. Defendant told him that he could not return to work without submitting to a "DOT physical," i.e., one that assessed his fitness to hold a Commercial Drivers License ("CDL"). Defendant also advised that in order to return to work in his previous position he needed a valid CDL.

25. Similarly-situated, non-disabled employees have been permitted to work in Mr. De Hoyos' position without a valid CDL.

26. Mr. De Hoyos decided to let his CDL lapse, and advised Metra of that decision. However, he was unsure of the process he was to follow in order to return to work, which he was very eager to do.

27. On or before September 4, 2019, Metra was aware that Mr. De Hoyos had been cleared by Metra's doctor to return to work except that he could not perform functions that required a CDL unless or until he passed a DOT physical.

28. Returning Mr. De Hoyos to work on these conditions constituted a reasonable accommodation of Mr. De Hoyos' disability.

29. Instead of providing this reasonable accommodation and treating him equally to similarly situated, non-disabled employees, Metra forbade Mr. De Hoyos from working until he passed a DOT physical and reinstated his CDL.

30. Seeking a reasonable accommodation and treatment equivalent to other Metra employees, Mr. De Hoyos reported to his usual work location on September 5, 2019 in order to be returned to service.

31. Rather than permit Mr. De Hoyos to return to work without a CDL as it has for non-disabled employees, and rather than provide a reasonable accommodation, Metra contacted the police and had Mr. De Hoyos escorted off the property.

32. On or about September 11, 2019, Metra terminated Mr. De Hoyos' employment.

33. Mr. De Hoyos was able to perform the essential functions of his job, with or without an accommodation, when he was attempting to return to work in August and September 2019.

34. Metra did not, at any time, engage in any interactive process in an effort to accommodate his restrictions arising from his disability.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

35. Mr. De Hoyos restates and incorporates each of the preceding paragraphs as though fully set forth herein.

36. Mr. De Hoyos was at all relevant times a qualified individual with a disability pursuant to the ADA.

37. In August 2019 and September 2019, Metra was able to provide reasonable accommodations that would have permitted Mr. De Hoyos to perform the essential functions of his job.

38. When Metra refused to allow Mr. De Hoyos to return to work without a CDL in August and September 2019, it unlawfully failed to accommodate Mr. De Hoyos' disability in violation of the ADA.

39. As a result of the violations described here, Mr. De Hoyos has suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff Jose De Hoyos respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order as follows:

   a. Declaring that the acts set forth herein constitute unlawful discrimination in violation of the Americans with Disabilities Act;

   b. Awarding Mr. De Hoyos back pay for lost wages and other benefits;

   c. Awarding Mr. De Hoyos reinstatement or, in the alternative, front pay and compensation for future lost earnings;

   d. Awarding Mr. De Hoyos compensatory damages for each of Defendant's violations of the ADA in amounts to be determined at trial;

   e. Awarding Mr. De Hoyos his reasonable attorneys' fees and costs as provided by 42 U.S.C. § 12205; and

   f. Awarding Mr. De Hoyos such further and additional relief, including equitable relief, as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE ADA

40. Mr. De Hoyos restates and incorporates each of the preceding paragraphs as though fully set forth herein.

41. The acts described in the factual allegations above constitute unlawful discrimination in violation of the ADA. Specifically, Metra discriminated against Mr. De Hoyos on the basis of his actual disability, perceived disability, and record of having a disability.

42. As a result of the violations described here, Mr. De Hoyos has suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff Jose De Hoyos respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order as follows:

   a. Declaring that the acts set forth herein constitute unlawful discrimination in violation of the Americans with Disabilities Act;

   b. Awarding Mr. De Hoyos back pay for lost wages and other benefits;

    c. Awarding Mr. De Hoyos reinstatement or, in the alternative, front pay and compensation for future lost earnings;

    d. Awarding Mr. De Hoyos compensatory damages for each of Defendant's violations of the ADA in amounts to be determined at trial;

    e. Awarding Mr. De Hoyos his reasonable attorneys' fees and costs as provided by 42 U.S.C. § 12205; and

    f. Awarding Mr. De Hoyos such further and additional relief, including equitable relief, as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

43. Mr. De Hoyos restates and incorporates each of the preceding paragraphs as though fully set forth herein.

44. When he made various requests to be returned to work with a reasonable accommodation of his disability, Mr. De Hoyos engaged in a protected activity. In response, Defendant retaliated against him by terminating him, in violation of the ADA.

45. As a result of the violations described here, Mr. De Hoyos has suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff Jose De Hoyos respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order as follows:

    a. Declaring that the acts set forth herein constitute unlawful discrimination in violation of the Americans with Disabilities Act;

    b. Awarding Mr. De Hoyos back pay for lost wages and other benefits;

    c. Awarding Mr. De Hoyos reinstatement or, in the alternative, front pay and compensation for future lost earnings;

    d. Awarding Mr. De Hoyos compensatory damages for each of Defendant's violations of the ADA in amounts to be determined at trial;

  e. Awarding Mr. De Hoyos his reasonable attorneys' fees and costs as provided by 42 U.S.C. § 12205; and

  f. Awarding Mr. De Hoyos such further and additional relief, including equitable relief, as the Court may deem just and proper.

## COUNT IV
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE IHRA

46. Mr. De Hoyos restates and incorporates each of the preceding paragraphs as though fully set forth herein.

47. Mr. De Hoyos was at all relevant times affected by one or more disabilities within the meaning of the IHRA.

48. When Metra refused to allow Mr. De Hoyos to return to work without a CDL in August and September 2019, it unlawfully failed to accommodate Mr. De Hoyos' disability in violation of the IHRA.

49. As a result of the violations described here, Mr. De Hoyos has suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff Jose De Hoyos respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order as follows:

  g. Declaring that the acts set forth herein constitute unlawful discrimination in violation of the IHRA;

  h. Awarding Mr. De Hoyos back pay for lost wages and other benefits;

  i. Awarding Mr. De Hoyos reinstatement or, in the alternative, front pay and compensation for future lost earnings;

  j. Awarding Mr. De Hoyos compensatory damages for each of Defendant's violations of the IHRA in amounts to be determined at trial;

  k. Awarding Mr. De Hoyos his reasonable attorneys' fees and costs; and

  l. Awarding Mr. De Hoyos such further and additional relief, including equitable relief, as the Court may deem just and proper.

## COUNT V
## DISABILITY DISCRIMINATION IN VIOLATION OF THE IHRA

50. Mr. De Hoyos restates and incorporates each of the preceding paragraphs as though fully set forth herein.

51. Mr. De Hoyos was at all relevant times affected by one or more disabilities within the meaning of the IHRA.

52. When Metra refused to allow Mr. De Hoyos to return to work without a CDL in August and September 2019, it unlawfully discriminated against him in violation of the IHRA.

53. When Metra terminated Mr. De Hoyos September 2019, it unlawfully discriminated against him in violation of the IHRA.

54. As a result of the violations described here, Mr. De Hoyos has suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff Jose De Hoyos respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order as follows:

   a. Declaring that the acts set forth herein constitute unlawful discrimination in violation of the IHRA;

   b. Awarding Mr. De Hoyos back pay for lost wages and other benefits;

   c. Awarding Mr. De Hoyos reinstatement or, in the alternative, front pay and compensation for future lost earnings;

   d. Awarding Mr. De Hoyos compensatory damages for each of Defendant's violations of the IHRA in amounts to be determined at trial;

   e. Awarding Mr. De Hoyos his reasonable attorneys' fees and costs; and

   f. Awarding Mr. De Hoyos such further and additional relief, including equitable relief, as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE IHRA

55. Mr. De Hoyos restates and incorporates each of the preceding paragraphs as though fully set forth herein.

56. When he made various requests to be returned to work with a reasonable accommodation of his disability, Mr. De Hoyos engaged in a protected activity. In response, Defendant retaliated against him by terminating him, in violation of the IHRA.

57. As a result of the violations described here, Mr. De Hoyos has suffered damages including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff Jose De Hoyos respectfully requests that this Court enter judgment in his favor and against Defendant, and enter an order as follows:

a. Declaring that the acts set forth herein constitute unlawful retaliation in violation of the IHRA;

b. Awarding Mr. De Hoyos back pay for lost wages and other benefits;

c. Awarding Mr. De Hoyos front pay and compensation for future lost earnings;

d. Awarding Mr. De Hoyos compensatory damages for each of Defendant's violations of the IHRA in amounts to be determined at trial;

e. Awarding Mr. De Hoyos his reasonable attorneys' fees and costs; and

f. Awarding Mr. De Hoyos such further and additional relief, including equitable relief, as the Court may deem just and proper.

Dated: July 9, 2021                                  Respectfully submitted,

Alejandro Caffarelli                                 JOSE DE HOYOS
Madeline K. Engel
Alexis D. Martin
Caffarelli & Associates Ltd.                         By: /s/ *Madeline K. Engel*
224 South Michigan Ave, Suite 300                         Attorney for Plaintiff
Chicago, Illinois 60604
Tel. (312) 763-6880
*acaffarelli@caffarelli.com*
*mengel@caffarelli.com*
*amartin@caffarelli.com*

11